**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cornell Eugene WILSON, Jr., aka Charles Black, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Donte Toyron McFarland, aka Pee Wee, Defendant—Appellant.**

Nos. 01–50570, 01–50572.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 18, 2003.

Miriam A. Krinsky, AUSA, Ronald L. Cheng, Esq., Adam D. Kamenstein, Esq., Elizabeth M. Fishman, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Esq., Attorney at Law, Laguna Hills, CA, Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Cornell Eugene Wilson, Jr. and Donte Toyron McFarland appeal their convictions following a jury trial for bank robbery in violation of 18 U.S.C. § 2113(a) and (d), conspiracy to commit bank robberies in violation of 18 U.S.C. § 371, and using a firearm in connection with those offenses in violation of 18 U.S.C. § 924(c), as well as the sentences imposed on these convictions and their conviction based on a guilty plea to attempted bank robbery in violation of 18 U.S.C. §§ 2113(a)(d) and 924(c). We affirm.

### I

■ Despite their plea of guilty to the attempted robbery of the Los Padres Bank in Atascadero (the Atascadero robbery), evidence of the Atascadero robbery was part and parcel of proving that Wilson, McFarland, and others conspired to rob the bank in Atascadero and the Los Padres Bank in Pismo Beach. As such, evidence of the Atascadero robbery was direct evidence of the charged conspiracy, not extrinsic evidence subject to Rule 404(b) analysis. *See United States v. Ripinsky,* 109 F.3d 1436, 1442 (9th Cir.), *amended by* 129 F.3d 518 (9th Cir.1997), *overruled on other grounds by United States v. Sablan,* 114 F.3d 913, 916 (9th Cir.1997) (en banc); *United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir. 2002) (per curiam).

### II

■ Nor did the district court err in refusing to continue sentencing on account of a challenge to the § 924(c) plea practices of the United States Attorney's Office. The government argues that the request for a continuance came too late, but we do not address this point because regardless, there was no basis for proceeding with the equal protection argument. A prima facie showing is required to warrant discovery, *see United States v. Armstrong,* 517 U.S. 456, 464–68, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996), and while the defense submitted some statistics, the statistics do not show any racial distinction. Accordingly, it was not an abuse of discretion to deny the continuance.

### III

■ Neither McFarland nor Wilson accepted responsibility for the whole of their criminal conduct when they pled guilty to the Atascadero robbery. For this reason the district court did not err in declining to decrease their offense level under U.S.S.G. § 3E1.1. *United States v. Ginn,* 87 F.3d 367, 370 (9th Cir.1996).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.